NOT FOR PUBLICATION (Doc. No. 3)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| Isaiah Elijha HYMAN, | : | |
| | : | |
| Plaintiff, | : | Civil No. 16-5584 (RBK/JS) |
| | : | |
| v. | : | **Opinion** |
| | : | |
| JANE DOE, et al., | : | |
| | : | |
| Defendant(s). | : | |

**KUGLER**, United States District Judge:

Plaintiff Isaiah Elijha Hyman ("Plaintiff") is proceeding *pro se* with a Complaint arising from his confinement at Camden County Jail. Plaintiff's application to proceed in forma pauperis will be granted based on the information provided therein and the Clerk will be ordered to file the Complaint. The Court must now review the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the Complaint will be **DISMISSED**.

I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff brings claims arising from his confinement in 2007, 2009, 2011, and 2013 in Camden County Jail. Plaintiff alleges that he was placed with four other inmates in a two-person cell in 2009, was assaulted by a cellmate, and denied a request to move cells by correctional officers. He seeks damages and the building of a new county jail.

Plaintiff filed a Complaint in this Court on September 14, 2016 (Doc. No. 1). The Court dismissed the Complaint for failure to include a short and plain statement of the grounds of jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3) on September 27, 2016 (Doc. No. 2). On October 11, 2016, Plaintiff filed the present Amended Complaint (Doc. No. 3).

## II.     LEGAL STANDARD

District courts must review complaints in civil actions in which a litigant is proceeding in forma pauperis and must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the non-moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002). While "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

### III. DISCUSSION

#### A. Camden County Jail

Plaintiff appears to bring claims stemming from the alleged conditions of confinement at Camden County Jail and assault by a cellmate. To the extent Plaintiff brings constitutional claims under 42 U.S.C. § 1983, a jail is not a "person" subject to suit, *see, e.g.*, *Parrish v. Ocean Cty. Jail*, No. Civ. 13-2020 (FLW), 2013 WL 5554687, at *2 (D.N.J. Sept. 20, 2013); *Ross v. Burlington Cty. Jail*, No. Civ. 12-338 (JBS), 2013 WL 3514191, at *2 (D.N.J. July 11, 2013), and thus Plaintiff's § 1983 claims against Camden County Jail must be dismissed with prejudice. Civil rights actions under the New Jersey Civil Rights Act ("NJCRA"), N.J. Stat. Ann. § 10:1-1 et seq., are also limited to those against "persons." N.J. Stat. Ann. § 10:6-2. Under the New Jersey Code, a "person" does not include county jails, *Didiano v. Balicki*, 488 F. App'x 634, 638 (3d Cir. 2012); N.J. Stat. Ann. § 1:1-2, so any claims under the NJCRA are likewise dismissed with prejudice.

To the extent Plaintiff seeks to bring tort claims under the New Jersey Tort Claims Act ("NJTCA"), public entities and public employees have immunity for "failure to provide sufficient equipment, personnel or facilities in a prison or other correction facility." N.J. Stat. Ann. § 59:5-1. The Court therefore dismisses Plaintiff's claims under the NJTCA with prejudice.

#### B. Jane Doe

The Complaint also names a Jane Doe, but does not plead how the individual had any involvement in the alleged conditions of confinement or assault. Thus, Plaintiff fails to state a

claim upon which relief can be granted, but the Court will allow Plaintiff an opportunity to amend.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's claims against Camden County Jail are **DISMISSED WITH PREJUDICE**. Plaintiff's claims against Jane Doe are **DISMISSED WITHOUT PREJUDICE**.

Dated:   12/12/2016                                                         s/ Robert B. Kugler

ROBERT B. KUGLER

United State District Judge